**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>DAVID P. GEOZOS,<br><br>        Defendant. | Case No. 3:06-cr-082-RRB-JDR<br><br>**INITIAL RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING AND RECOMMENDING DENIAL OF DEFENDANT'S 28 U.S.C § 2255 CLAIM ON THE MERITS**<br><br>Docket 90 |

Defendant, David P. Geozos filed an amended *Motion to Vacate* his sentence seeking relief under 28 U.S.C. § 2255 at Dockets 101 and 102. The Government filed it's opposition at Docket 103. Following the Government's motion to dismiss, the parties filed briefing on the merits of Defendant's habeas request. Defendant filed his opening brief at Docket 113; the Government's opposition was filed at Docket 119, and the Defendant's reply at Docket 120.[1]

---

[1]It is notable that all of the filings by the defendant in this habeas action are nearly identical. With the exception of the omission of paragraphs between pleadings, he has offered nothing new for the court to review regarding his claims on the merits of his habeas petition since he filed his first amended petition at Docket 101. His reply does not respond to the Government's briefing, it only re-

## I. Procedural History

The Defendant entered into a plea agreement for one count of felon in possession of a firearm and ammunition and one count of unlawful possession of a controlled substance on January 12, 2007.[2] Following his entrance into a plea agreement, Defendant obtained a new attorney. On January 17, 2007, Dan Libbey, Defendant's new counsel, filed his entry of appearance.[3] Prior to sentencing, Mr. Libbey filed a motion to continue sentencing and for limited withdrawal as counsel.[4] Charles Coe was then appointed to represent the Defendant.[5] As a result, Mr. Coe represented the Defendant at sentencing with the help of Mr. Libbey.[6]

United States District Court Judge Ralph Beistline held a sentencing hearing on July 10, 2007. Mr. Coe argued that the Defendant should not be sentenced under the Armed Career Criminal Act (ACCA) and that the Court had discretion to depart from the mandatory minimum sentence of 15 years. Judge

---

states his exact arguments previously presented. Similarly, the Government filed nearly identical pleadings on the issues regarding the merits.

[2]Docket 27, *Minutes of the Change of Plea* (citing Docket 2, *Indictment*).

[3]Docket 28, *Entry of Appearance*.

[4]Docket 38, *Motion for Limited Withdraw [sic] of Counsel and Substitution and to Continue Sentencing.*

[5]Docket 43, *Notice of Appearance*.

[6]*See* Docket 38, *Motion for Limited Withdraw of Counsel and Substitution and to Continue Sentencing.*

Beistline rejected Defendant's arguments and sentenced Mr. Geozos to 15 years imprisonment and 5 years of supervised release.[7]

On July 11, 2007, the Defendant filed his Notice of Appeal.[8] The District Court entered it's final judgement on July 17, 2007.[9] The Court of Appeals for the Ninth Circuit denied the Defendant's appeal and affirmed his sentence on August 12, 2008.[10] On November 6, 2009, Defendant filed this instant *Motion to Vacate* under 28 U.S.C. § 2255.[11] Defense counsel, Heather Gardner, was assigned to represent the Defendant on December 1, 2009.

## II. Relevant Law

### A. 28 U.S.C. § 2255

Defendant files his Motion to Vacate pursuant to 28 U.S.C. § 2255 as a means to challenge his sentence. The relevant portion of the statute outlines the burden the Defendant must establish:

---

[7]*See* Docket 60, *Minutes for Imposition of Sentence*; and *see* Docket 79, *Transcript of Proceedings as to David P. Geozos Imposition of Sentence*.

[8]Docket 61, *Notice of Appeal*.

[9]Docket 62, *Judgment in a Criminal Case*.

[10]Docket 88, *Memorandum*.

[11]The Government filed a motion to dismiss at Docket 106 based on a statute of limitation claim. The magistrate judge issued a Recommendation that the motion be denied at Docket 109 and Judge Beistline denied the motion at Docket 110.

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that [1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The Defendant argues that his sentence is subject to collateral attack because he was denied his Sixth and Fourteenth Amendment[12] rights to effective assistance of counsel for his sentencing.

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defense."[13] The Sixth Amendment guarantee has two components. The right to counsel's undivided loyalty and the right to reasonably competent counsel.[14]

---

[12] The Defendant does not elaborate on his Fourteenth Amendment claim beyond this statement. As such, the magistrate judge addresses only his Sixth Amendment concerns.

[13] U.S. Constitution, Amendment VI.

[14] *See Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980); *Wood v. Georgia*, 450 U.S. 261, 272 (1981).

The standard for ineffective assistance of counsel claims comes from *Strickland v. Washington*.[15] *Strickland* established a two-prong test where a defendant must show not only that his attorney's representation was deficient but also that the attorney's representation prejudiced his cause.[16] The defendant bears the burden of establishing that his attorney's performance was "so deficient that it fell below an objective standard of reasonableness."[17]

With respect to judicial scrutiny of an attorney's performance, the court must be "highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[18] This means that a defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[19]

---

[15] 466 U.S. 688 (1984).

[16] *Id.* at 693.

[17] *Silva* v. *Woodford*, 279 F.3d 825, 836 (9th Cir. 2002).

[18] *Strickland* at 689.

[19] *Id.*; *see also Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001) (Defendant "bears the heavy burden of proving that counsel's assistance was neither reasonable nor the result of sound trial strategy.").

In order for a defendant to establish prejudice, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."[20] A reasonable probability is one "sufficient to undermine confidence in the outcome."[21] Elaborating on the threshold, *Strickland* states:

> It is not enough for [a defendant] to show that the errors had some conceivable effect on the outcome of the proceedings. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceedings.[22]

A court may first examine whether a defendant shows sufficient prejudice prior to engaging in an evaluation of whether counsel's performance was deficient.[23]

### C. Request for Evidentiary Hearing

In habeas proceedings, a defendant is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[24] And, "[a] district court must conduct an evidentiary

---

[20] *Strickland* at 694.

[21] *Id.*

[22] *Id.* at 693.

[23] *Id.* at 697.

[24] 28 U.S.C. 2255; *see also Frazer v. United States*, 18 F.3d 778, 780 (9th Cir. 1994).

hearing on the prisoner's claims unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . .'"[25] Moreover, "vague, palpably incredible, or frivolous allegations warrant summary dismissal of a section 2255 motion."[26]

The district court may deny a § 2255 motion without holding an evidentiary hearing if "(1) the petitioner's allegations, accepted as true, would not entitled him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or allege conclusions rather than statements of fact."[27]

The Ninth Circuit has held that a petitioner's speculation is not an adequate basis for an evidentiary hearing.[28] Similarly, "conclusory allegations unsupported by specific facts are insufficient."[29]

---

[25] BRIAN R. MEANS, FEDERAL HABEAS MANUAL: A GUIDE TO FEDERAL HABEAS CORPUS LITIGATION § 4:2 (West ed., 2010) (quoting 28 U.S.C.A. § 2255(b)).

[26] DHILLON KHOSLA, 28 U.S.C. § 2255 CHECKLIST/UPDATED SUPPLEMENT TO HABEAS CORPUS OUTLINE p. 5 (2005) (citing *Frazer* at 781).

[27] *Id.* (citing *Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003)).

[28] FEDERAL HABEAS MANUAL § 4:17 (citing *U.S. v. Zuno-Arce*, 209 F.3d 1095, 1103 (9th Cir. 2000)).

[29] *Id.* (citing *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006), cert. denied, 127 S.Ct. 1877 (U.S. 2007) ("bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring . . . an evidentiary hearing."); *Williams v. Woodford*, 384 F.3d 567, 588 (9th Cir. 2004) (unsworn, conclusory assertion by counsel unsupported by proof does not provide a basis for an

III. <u>Analysis</u>

Defendant argues he was denied his Sixth Amendment right to effective assistance of counsel. Specifically, he argues that the performance of his attorneys, Daniel Libbey and Charles Coe, at the time of sentencing, following his entry into a guilty plea agreement with the government, fell below the objective standards of reasonableness and this caused him to be prejudiced.

Defendant states that Mr. Coe "failed to state with any specificity the legal authorities he relied upon, did not clearly discuss what provisions of the constitution or the law was violated by the proposed sentence, and did not articulate why the sentence ultimately imposed would be unlawful."[30] Knowing that Mr. Libbey was aiding Mr. Coe in representing the petitioner at sentencing, the petitioner argues that both attorneys were ineffective because he is unable to determine who did the research for the arguments.[31]

Mr. Geozos's arguments center around his claim that his sentence should not have fallen under the guidelines of the ACCA and that the court had discretion to depart from the mandatory minimum sentence of 15 years. Mr. Coe did argue against the imposition of ACCA guidelines and did argue that the court should

---

evidentiary hearing)).

[30] Docket 113, p. 7.

[31] *Id.*

depart from the mandatory minimum sentence. But the Defendant is dissatisfied with the manner in which he argued.

Mr. Geozos asserts that Mr. Coe, and by implication Mr. Libbey, should have cited particular cases and components of the Constitution in the arguments to the judge. He concedes that Mr. Coe did offer some specific case citations, but he is dissatisfied that his attorneys did not do more. Despite his assertion that his attorneys violated his Sixth Amendment rights by not offering specific cases and citations to the Constitution, the Defendant has not offered the court any case law which would have aided his cause. The Defendant can offer no examples of specific parts of the Constitution which should have been cited.

In a similar vein, Mr. Geozos argues that attorneys have an obligation to spend sufficient time preparing a defendant's case. Implicitly, Mr. Geozos argues that his attorneys did not fulfill this obligation. However, he can offer no facts to support his position.

The remainder of Defendant's argument is recitation of case law without any description on how the law relates to the instant case. The court need not discuss each case cited or distinguish the facts here from the facts in the cited decision. The Defendant bears this burden.

//

//

### A. Ineffective Assistance of Counsel

In order for the Defendant to show that his attorneys at sentencing were ineffective, thereby violating his constitutional rights as described in 28 U.S.C. § 2255, he must prove that his attorney's representation was deficient and that the deficiency prejudiced his case.[32] Here, Mr. Geozos does not even pass the first requirement. He makes assertions without any factual support. His allegations that his attorneys failed to make particular arguments at sentences are assertions without cited bases.

He fails to show that "there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different."[33] Because he cannot prove he was prejudiced, following the rule laid out in *Strickland*, the court need not examine whether his attorneys were deficient in their performance.[34] Though, a review of the record does not demonstrate any reason to believe the performance of either Mr. Libbey or Mr. Coe fell below their professional requirements. Defendant's petition is without merit. Accordingly, the magistrate judge RECOMMENDS THE PETITION FOR RELIEF UNDER 28 U.S.C. § 2255 BE DENIED.

---

[32] *See Strickland* at 693.

[33] *Id.* at 689.

[34] *Id.* at 697.

## B. Request for Evidentiary Hearing

The Defendant requests an evidentiary hearing so that he may develop a factual basis for his allegations. But this is not sufficient to warrant a hearing.[35] As stated in *Sanders v. U.S.,* the court may deny a § 2255 motion without an evidentiary hearing when the allegations are conclusory rather than statements of fact.[36] Unsworn, conclusory statements by counsel which are unsupported by proof do not provide a basis for an evidentiary hearing.[37] That is the scenario with the present case. Mr. Geozos has not met his burden to warrant an evidentiary hearing. The magistrate judge RECOMMENDS THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BE DENIED.

## IV. Conclusion

The Defendant argues his Constitutional rights were violated by his attorneys' deficient performances at his sentencing. He provides no factual basis for his claims, rather asserting conclusory statements of ineffectiveness. He fails to meet even the minimum threshold to warrant an evidentiary hearing to further develop his allegations.

---

[35] *See generally Sanders*, 341 F.3d at 722; *Zuno-Arce* 209 F.3d at 1103.

[36] 341 F.3d at 722; *see also Washington*, 455 F.3d at 733.

[37] *Williams*, 384 F.3d at 588.

06-cr-082-RRB-JDR GOEZOS 2255 @90 RR Re 2255 Motion to Vacate.wpd    11

Case 3:06-cr-00082-RRB   Document 121   Filed 11/24/10   Page 11 of 13

The MAGISTRATE JUDGE THEREBY RECOMMENDS DEFENDANT'S 28 U.S.C. § 2255 PETITION BE DENIED WITHOUT AN EVIDENTIARY HEARING. It is so recommended.

DATED this   24th   day of November, 2010, at Anchorage, Alaska.


　　　　　　　　　　　　　　  /s/ John D. Roberts
　　　　　　　　　　　　　　JOHN D. ROBERTS
　　　　　　　　　　　　　　United States Magistrate Judge


Pursuant to F.R.Cv.P. 72(b) and 28 U.S.C. § 636(b)(1), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **December 29, 2010.** Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and

authorities in support. Response(s) to the objections shall be filed on or before **January 13, 2011**. The parties shall otherwise comply with provisions of F.R.Cv.P. 72(b).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).